UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORGE DEVELOPMENT, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF CHICO, CALIFORNIA; BUTTE COUNTY, CALIFORNIA; and BALDWIN CONTRACTING COMPANY, INC., a California corporation,<br><br>        Defendants. | No. 2:06-CV-02228 JAM GGH<br><br>ORDER GRANTING BALDWIN CONTRACTING COMPANY'S MOTION FOR SUMMARY JUDGMENT |

    Borge Development, Inc. ("Borge") brought this action against the City of Chico, California ("Chico"), Butte County, California ("Butte County"), and Baldwin Contracting Company ("Baldwin") for cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, contribution under CERCLA, 42 U.S.C. § 9613, and other state law violations. Baldwin filed a Motion for Summary Judgment or, in the Alternative, Summary Adjudication. Borge opposed the Motion. Both Chico and Butte County partially joined in the Motion. For the reasons stated below, Baldwin's Motion for Summary Judgment is

1

GRANTED.[1]

BACKGROUND

Borge owns two parcels of land, Butte County Assessor parcel numbers 002-180-084 and 002-180-086 ("Borge Property"). Borge alleges that the Borge Property was contaminated by the operation of the Chico Burn Dump by Chico and Butte County over 70 years. Borge was ordered by a state regulatory agency to clean up the contamination. The cost to remediate the Borge Property was more than $490,000.00.

Borge further alleges that in 1987, as part of a project to extend Bruce Road ("Bruce Road Project"), Chico hired Baldwin to assist in the removal and disposal of excavated waste material. Borge alleges that as part of the Bruce Road Project, Baldwin transported hazardous waste to the Borge Property, which is located directly to the east of Bruce Road. Baldwin denies that it ever transported or disposed of any hazardous waste on the Borge Property.

OPINION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's

---
[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

2

burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case.  See id. at 325.  Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial.  Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)).  "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment."  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).  Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

Baldwin argues that it is entitled to summary judgment for the following reasons:

1. Baldwin has never been an owner or operator of the facility that is the subject of the litigation;

2. Baldwin never arranged, transported, or was otherwise responsible for the disposal of hazardous waste on the Borge Property; and

3

1      3. Borge is a suspended corporation and therefore does not have standing to bring this suit.[2]

Baldwin's first contention is irrelevant as Borge does not allege that Baldwin ever owned the property in question. Borge claims that Baldwin is liable in this case because Baldwin was an "arranger and transporter of hazardous waste within the meaning of CERCLA section 107(3)." Borge Opposition to Motion for Summary Judgment, p.9 (Docket at #57). This contention and consequently Baldwin's liability, if any, is dependent on Borge being able to prove that Baldwin arranged, transported and disposed of unsuitable material <u>onto Borge's property</u>. As further discussed below, Borge has failed to produce sufficient evidence to create a genuine issue of material fact on this issue.

The principle question before the Court is whether a genuine issue of material fact exists as to whether Baldwin arranged, transported, or was otherwise responsible for the disposal of hazardous waste on the Borge Property.

CERCLA imposes liability on, amongst others:

> [A]ny person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance.

42 U.S.C. § 9607(a)(4). Baldwin argues that there is insufficient proof that it ever transported hazardous material and placed it on

---

[2] Chico joined Baldwin in the third issue. (Docket at #51.) Butte County joined Baldwin in both the second and third issues. (Docket at #53.) Baldwin's third contention has been sufficiently rebutted. See Poiré Decl. Ex. 10. (Docket at #60.) Baldwin also does not address this contention in its Reply Brief and apparently has abandoned this argument.

the Borge Property during the Bruce Road Project.  Baldwin further contends that none of the experts deposed in this matter attribute any liability to Baldwin.  The Court finds Baldwin's arguments to be persuasive.

Borge has failed to produce sufficient evidence to create a genuine issue of material fact as to whether Baldwin transported hazardous material or disposed of waste or arranged for the disposal of waste on Borge property.  Borge relies on four documents in an attempt to demonstrate that Baldwin disposed of hazardous waste on its property.  First, Borge produced a City of Chico Inter-Office Memorandum which notes in part, "Some areas of alignment for Bruce Road have unsuitable material (garbage dump)." Poiré Decl., Ex. 2.  Borge also produced a document entitled "Proposal" from Baldwin regarding the Bruce Road Project which Borge claims demonstrates that Baldwin apparently agreed that, "Surplus excavated material including unsuitable material shall be spread with scrapers on adjacent property to the east."  Id. Ex. 3.

Borge next relies on a map produced in discovery by the City of Chico indicating that the Borge Property, which is located directly east of the Bruce Road Project, was contaminated with waste and ash.  Id. Ex. 4.  Finally, Borge submits a Cleanup and Abatement Order ("CAO") which indicates that Baldwin transported hazardous materials during the Bruce Road Project and dumped it on a parcel of land not owned by Borge.  Id. Ex. 5.

Baldwin has objected to each of these four documents on the grounds that they are inadmissible hearsay (FRE 802), have not been properly authenticated (FRE 901), and are an improper basis for an opinion (FRE 701, 702, 703).  Baldwin argues that "no party or

expert testified, based upon first hand knowledge that the documents demonstrate that Baldwin actually disposed of waste or arranged for disposal of waste on the Borge property." Baldwin Reply Brief at p. 2, n. 1 (Docket at #74). This Court sustains Baldwin's objections to these four documents. Thus, Borge has failed to produce any admissible or relevant evidence sufficient to raise a genuine issue of material fact.

Even if this Court had not sustained Baldwin's objections to Borge's evidence, it would have still reached the same conclusion that this documentary evidence is insufficient to defeat Baldwin's motion herein. The first document, the Inter-Office Memorandum, concerns a meeting wherein six matters were apparently discussed. The only item regarding alleged contamination is item No. 6, which states, "Some areas of alignment for Bruce Road have unsuitable material (garbage dump)." Nothing in this document mentions Baldwin or the placement of contaminated waste on Borge's property by Baldwin.

The second document, the Proposal, is a prospective cost estimate for anticipated performance of construction work for the Bruce Road Extension project. The Baldwin cost estimate, which contemplates the scope of work for the Bruce Road Project, does not specify exactly where "unsuitable material" would be spread or in what amount, if any. The paragraph cited by Borge states, "Surplus excavated material including unsuitable material shall be spread with scrapers on adjacent property to the east. Compaction of this material will be paid for on a force account basis, if required." The reference in the document does not state that Baldwin would place contaminated waste on the Borge Property.

The third document is a map included in a City of Chico's
consultant's report that very roughly approximates the location of
various wastes within the larger Humboldt Road Burn Dump area.
Given its crude features and lack of any authentication or
interpretation by an expert or anyone else, the map lacks probative
value.  The map does not display or otherwise indicate any action
taken by Baldwin to spread waste on the Borge Property.

        The cited portion of the fourth document, the CAO, undercuts
Borge's argument in that it notes that Baldwin allegedly deposited
contaminated material onto property not owned by Borge, i.e. Parcel
No. 011-780-14.  Nothing in the CAO indicates contaminated soil was
place on the Borge Property by Baldwin.

        Furthermore, as Baldwin argues, the undisputed evidence in
this case reveals that none of the experts retained in this matter,
including Borge's expert, have opined that Baldwin is responsible
for the contamination.  Each stated that they had no opinion on
Baldwin's responsibility.  "The mere existence of a scintilla of
evidence in support of the plaintiff's position will be
insufficient; there must be evidence on which the jury could
reasonably find for the plaintiff."  Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 252 (1986).  Borge has not produced sufficient
documentary or expert evidence to support its claim under CERCLA
Section 107.

        With respect to Borge's claim under 42 U.S.C. § 9613, Baldwin
also argues that Borge cannot seek contribution under this statute
because it is not a responsible party within the meaning of section
107 of CERCLA.  Given that the Court has ruled in Baldwin's favor
on the CERCLA Section 107 claim, summary judgment is granted in

7

Baldwin's favor on Borge's CERCLA Section 113 claim.

Finally, each of Borge's state law claims rely on the fact that Baldwin transported hazardous material onto Borge Property. Because there is no genuine issue of material fact as to whether this occurred, summary judgment in Baldwin's favor on Borge's state law claims is appropriate.

## ORDER

For the reasons stated above, Baldwin's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: April 20, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE