UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORGE DEVELOPMENT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICO, CALIFORNIA; BUTTE COUNTY, CALIFORNIA; and BALDWIN CONTRACTING COMPANY, INC., a California corporation,<br><br>Defendants. | No. 2:06-CV-02228 JAM GGH<br><br>ORDER GRANTING CITY OF CHICO'S MOTION FOR SUMMARY ADJUDICATION |

Borge Development, Inc. ("Borge") brought this action against the City of Chico, California ("Chico"), Butte County, California ("Butte County"), and Baldwin Contracting Company ("Baldwin") for cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, contribution under CERCLA, 42 U.S.C. § 9613, and other state law violations. Chico brought a motion for summary adjudication. Borge opposed the motion. Both Butte County and Baldwin partially joined in Chico's Motion for Summary Adjudication. For the reasons

stated below, Chico's Motion for Summary Adjudication is GRANTED.[1]

BACKGROUND

Borge owns two parcels of real property, APN 002-180-086 and APN 002-180-084, located in Chico, California ("Borge Property"). Statement of Undisputed Facts ("SUF") ¶ 2. Borge obtained title to APN 002-180-086 on November 3, 2004. Id. ¶ 4. Borge obtained title to APN 002-180-084 on July 19, 2005. Id. ¶ 5. Both of these parcels are located within an area referred to as the Humboldt Road Burn Dump Area ("HRBD"). Id. ¶ 3.

Borge alleges that the Borge Property was contaminated through Chico's operation of a dump in the HRBD until 1965. Id. ¶ 16. In 1980, Chico sold the dump to George Scott. Id. ¶ 17. Borge was aware that the Borge Property was contaminated before purchasing it. Id. ¶ 7. Borge was ordered by a state regulatory agency to clean up the contamination. The cost to remediate the Borge Property was more than $490,000.00. On December 16, 2005, the Regional Water Quality Control Board certified that all remediation on the Borge Property had been completed. Id. ¶ 10.

One of the parcels contained Butte County meadowfoam, an endangered species. Id. ¶¶ 11-12. As a result, Borge was required to undertake a meadowfoam survey, which was completed in March 2006. Id.

OPINION

Chico seeks summary adjudication on three discrete issues:

1. Whether Borge is a liable party under CERCLA Section 107;
2. Whether Borge is entitled to recover damages for lost

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

profits; and

    3.  Whether Borge can maintain its claim for dangerous condition of public property.[2]

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial. Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,

---

[2] Both Butte County and Baldwin joined Chico in the Motion for Summary Adjudication regarding the first and second issues. Docket at 54, 56.

210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

BORGE LIABILITY UNDER CERCLA SECTION 107

Borge is a liable party under CERCLA. To establish a prima facie cause of action under CERCLA, a plaintiff must show: 1. defendant fits into one of the four classes of responsible parties in 42 U.S.C. § 9607(a), 2. the site is a facility, 3. there is a release or threatened release of hazardous substances at the facility, and 4. the plaintiff incurred costs responding to the release or threatened release that were consistent with the National Contingency Plan. See 3550 Stevens Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1358 (9th Cir. 1990). Section 107(a) of CERCLA includes in the definition of covered persons, "the owner and operator of a vessel or a facility." As Borge concedes that it owns the Borge Property, it is a responsible party under CERCLA. Furthermore, Borge concedes that the Borge Property is a facility and that it contained hazardous materials. Finally, Borge admits that Chico incurred response costs consistent with the National Contingency Plan. SUF ¶ 14. Therefore, Chico has established a prima facie case of liability against Borge.

CERCLA creates an exception to liability for "innocent landowners." See 42 U.S.C. § 9601(35). However, as Borge concedes that it knew the Borge Property contained hazardous material before it purchased it, it cannot claim to be an innocent landowner. See

42 U.S.C. § 9601(35)(A)(i) (Requirement that "[a]t the time the defendant acquired the facility the defendant did not know and had no reason to know that any hazardous substance which is the subject of the release or threatened release was disposed of on, in, or at the facility."). As a current owner of contaminated property, Borge meets the definition of a party who is liable for response costs under CERCLA. Accordingly, summary adjudication for Chico on this issue is granted.

## BORGE DAMAGES FOR LOST PROFITS

Next, Chico argues that as a matter of law, Borge is not entitled to recover lost profits as damages. Chico has sufficiently demonstrated that Borge suffered no damages for lost profits due to the delay caused by remediation. Remediation of the property was completed in 2005. However, Borge did not complete its meadowfoam survey, a prerequisite to development, until 2006. Therefore, Borge has failed to show that the remediation caused any delay.

Borge also argues that it lost profits because it spent money allocated for development on remediation. However, Borge has produced no evidence to support this other than the Declaration of Thomas Borge. In his Declaration, Borge states:

> Plaintiff's payment of $490,000.00 in remediation costs effectively depleted Plaintiff's working capital, making it impossible to take any additional steps to timely develop the Borge Property. The unanticipated remediation costs of $490,000.00, together with the delay in development, have adversely impacted the profits anticipated to be realized from the development of the Borge Property.

Borge Decl. ¶ 14. The Ninth Circuit has noted that "courts have been reluctant to admit evidence of lost profits for real estate

ventures" because they are inherently speculative.  Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1373 (9th Cir. 1987). Borge has failed to provide any concrete examples of ways in which lack of funds prevented it from developing the Borge Property. Furthermore, Borge raises this argument for the first time in its opposition to summary adjudication, and in direct contradiction to the deposition testimony of Mr. Borge in this case and Borge's interrogatory answers from May 2008.  Borge's conclusory statements in its opposition to Chico's motion herein that it suffered lost profits is insufficient to raise a triable issue of fact. Accordingly, summary adjudication on this issue is granted in favor of Defendants.

### BORGE'S EXISTENCE OF A DANGEROUS CONDITION CLAIM

Finally, Borge cannot support its claim for the Existence of a Dangerous Condition on Public Property under California Government Code § 835.  This statute provides that "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of injury."  The undisputed facts reveal that because Chico sold its property in 1980, it did not own any property in the HRBD at the time of Borge's injuries in 2004 and 2005.  Therefore, Chico cannot be held liable under this statute.

Borge claims that Chico should be held liable because the Chico Redevelopment Agency repurchased land in the HRBD in order to remediate the property prior to Borge's acquisition of the Borge Property.  However, the Chico Redevelopment Agency is a separate legal entity from Chico and has not been named as a party in this lawsuit.  See County of Solano v. Vallejo Redevelopment Agency, 75

Cal.App.4th 1262, 1267 (1999) (Redevelopment agencies are generally separate legal entities from the cities that established them). The ownership of the property by the Chico Redevelopment Agency does not create liability on behalf of Chico. Since Borge cannot demonstrate that Chico owned land in the HRBD at the time of its injury, it cannot maintain a claim against Chico for Existence of a Dangerous Condition on Public Property pursuant to California Government Code § 835 and summary adjudication in Chico's favor is granted on this issue.

ORDER

For the reasons stated above, Chico's Motion for Summary Adjudication is GRANTED in its entirety.

IT IS SO ORDERED.

Dated: April 20, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE