UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORGE DEVELOPMENT, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CHICO, CALIFORNIA; BUTTE COUNTY, CALIFORNIA; and BALDWIN CONTRACTING COMPANY, INC., a California corporation,<br><br>　　　　　　Defendants. | No. 2:06-CV-02228 JAM GGH<br><br>ORDER GRANTING IN PART AND DENYING IN PART BUTTE COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION |

　　　　Borge Development, Inc. ("Borge") brought this action against the City of Chico, California ("Chico"), Butte County, California ("Butte County"), and Baldwin Contracting Company ("Baldwin") for cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, contribution under CERCLA, 42 U.S.C. § 9613, and other state law violations.  Butte County brought a Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment or Summary Adjudication.  Borge opposed the motion.  Both Chico and Baldwin partially joined in Butte County's Motion.  For the reasons stated

below, Butte County's Motion is GRANTED in part and DENIED in part.[1]

BACKGROUND

Borge owns two parcels of real property, APN 002-180-086 and APN 002-180-084, located in Chico, California ("Borge Property"). Borge obtained title to APN 002-180-086 on November 3, 2004. Borge obtained title to APN 002-180-084 on July 19, 2005. Both of these parcels are located within an area referred to as the Humboldt Road Burn Dump Area ("HRBD"). Statement of Undisputed Facts ("SUF") ¶ 1. Private and public disposal of waste occurred within the HRBD from the late 1800s through 1965. Id. One of the parcels within the HRBD contained the Chico Burn Dump, which was in operation until 1965. Id. ¶ 2.

In 1954, Butte County entered into a year-to-year agreement with Chico, wherein Chico allowed Butte County residents to use the Chico Burn Dump, located within the HRBD. Id. ¶ 5. The lease continued until 1964, when Chico leased the Chico Burn Dump to Butte County for a year. Id. In 1980, Chico sold the Chico Burn Dump Property to George Scott. Id. ¶ 8.

OPINION

Butte County filed its Motion to: 1.) Dismiss Borge's Complaint under Rule 12(c) for lack of standing; 2.) Grant summary judgment on Borge's CERCLA claims because Butte County was not an owner, arranger, or transporter; and 3.) Grant summary judgment on Borge's state law claims because they are time barred, barred by law, or lack the requisite evidence to bring a claim.[2] Butte

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).
[2] Baldwin joins in Butte County's Motion with respect to its

2

County concedes in its Reply Brief that Borge has the requisite standing to bring suit. Therefore the Court only need consider Butte County's request for summary judgment.

A. Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial. Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). "If the nonmoving party fails to produce enough evidence to create a genuine issue of

---

second claim. Docket at 55. Chico joins in Butte County's Motion with respect to the first and third claims and in the argument that there is lack of causal link between the operation of the dump and the contamination of the Borge Property. Docket at 52.

material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

B. Borge's CERCLA Claims

Butte County argues that it should not be held liable under CERCLA because it is not an owner, arranger, or transporter as defined by CERCLA Section 107(a), 42 U.S.C. § 9607(a). CERCLA Section 107(a) includes in the definition of covered persons:[3]

> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances

Butte County argues that it does not qualify as an operator under Section 107(a)(2) because Borge has not shown that any hazardous materials were disposed of at the Chico Burn Dump during the year-long period when Butte County operated it. However, "courts have not hesitated to look beyond a defendant's characterizations to determine whether a transaction in fact

---

[3] Borge does not argue that Butte County is liable under either CERCLA Sections 107(a)(1) or 107(a)(4).

4

involved an arrangement for the disposal of a hazardous substance." Transportation Leasing Co. v. California, 861 F.Supp. 931, 941 (C.D. Cal. 1993). In Transportation Leasing Co., the District Court found that although the defendant cities did not specifically use the term "hazardous substances" in their contracts, they "contracted with disposal companies to transport residential, commercial, and governmental waste for disposal." The court found that this was sufficient to categorize the defendant cities as covered persons under CERCLA Section 107(a). Similarly, although Borge has not produced a specific agreement that uses the term hazardous substances, it has shown that Butte County contracted to operate a burn dump in the HRBD. See Poiré Decl. Ex. 4. Therefore, there is a genuine issue of material fact as to whether hazardous substances were deposited in the Chico Burn Dump.

Butte County also alleges that even if there were hazardous materials at the Chico Burn Dump, it was not the cause of contamination of the Borge Property. Butte County cites a rock wall, fencing, distance, and a berm to demonstrate that the hazardous material on the Borge Property did not originate from the Chico Burn Dump. SUF ¶ 3, 15. However, Borge has presented evidence that the property was not, in fact, fenced. See Poiré Decl. Ex. 13, Deposition of Fred Davis 130:11-131:8; Deposition of Edmund C. Johnson, Sr. 85:15-86:12. Furthermore, Borge has produced evidence that the rock wall was relocated during the extension of Bruce Road by Baldwin. Poiré Decl. Ex. 10. Borge has sufficiently demonstrated that there exists a genuine issue of material fact as to whether materials from the Chico Burn Dump contaminated the Borge Property.

1    Butte County also argues that it is not an arranger under
2 CERCLA Section 107(a)(3).  It states that Borge has produced no
3 evidence that it contracted for or managed disposal of waste on any
4 HRBD property except during its one year lease of the Chico Burn
5 Dump.  Butte County argues that its 10-year joint lease of the
6 Chico Burn Dump does not qualify it as an arranger because Chico
7 managed the disposal during that time period.  Butte County alleges
8 that because it merely regulated disposal, but did not have direct
9 control over the waste, it cannot be held liable as an arranger.
10    First, Butte County had direct control over the Chico Burn
11 Dump during the year-long period it unilaterally operated and
12 maintained the Chico Burn Dump. Therefore, there is a genuine issue
13 of material fact of Butte County's liability as an arranger during
14 this period.  Furthermore, during the period in which Butte County
15 jointly leased the Chico Burn Dump, Butte County residents were
16 permitted to use the dump in exchange for Butte County contributing
17 50% of the operating expenses.  This contract creates a sufficient
18 "nexus between the allegedly responsible person and the owner of
19 the hazardous substances."  Transportation Leasing Co., 861 F.Supp.
20 at 953 (quoting New York v. City of Johnstown, 701 F.Supp. 33, 36
21 (N.D.N.Y 1988)).  Therefore, even though Butte County did not
22 manage the dump directly, it contracted with Chico to provide a
23 benefit for its residents and provided 50% of the operating
24 expenses.  The fact that Butte County funded the Chico Burn Dump
25 for the benefit of its residents creates an issue of material fact
26 as to whether it is an arranger under CERCLA Section 107(a)(3).
27    //
28    //

C. Borge's State Law Claims

Butte County argues that Borge's continuing nuisance and dangerous condition claims are time barred. Because the Court finds that Borge cannot bring a dangerous condition claim, see below, it will only consider whether Borge's continuing nuisance claim is time barred. The California Tort Claims Act ("CTCA"), Cal. Gov. Code § 810, et seq., requires that claims against public entities be presented within one year after the accrual of the cause of action. Cal. Gov. Code § 911.2(a). Borge argues that it presented a claim to both Chico and Butte County for continuing nuisance within one year of its purchase of APN 002-180-084. However, because Borge purchased APN 002-180-086 nearly a year earlier, the claim presented was untimely with regards to that property. Therefore, Borge may only bring a claim for continuing nuisance with regards to APN 002-180-084 against both Chico and Butte County.

Butte County argues that Borge's non-statutory trespass and equitable indemnity claims are barred by Cal. Gov. Code § 815 which states in pertinent part that "[e]xcept as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Borge argues that CERCLA provides the basis for liability for non-statutory trespass and equitable indemnity. However, CERCLA does not provide for any liability beyond what is stated explicitly within the Act. See United States v. Shell Oil Co., 294 F.3d 1045, 1053 (9th Cir. 2002) ("the government is subject to liability only to the extent of the substantive provisions of CERCLA."). Accordingly, summary judgment

with respect to Borge's non-statutory trespass and equitable indemnity claims in favor of Chico and Butte County is appropriate.

Finally, Borge cannot support its claim for the Existence of a Dangerous Condition on Public Property under California Government Code § 835, which provides that "a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of injury." Butte County did not own any property in the HRBD at the time of Borge's injuries in 2004 and 2005. Therefore, Butte County cannot be held liable under the statute. Accordingly, Borge cannot maintain a claim against Butte County for Existence of a Dangerous Condition on Public Property pursuant to California Government Code § 835.

ORDER

Butte County's Motion for Summary Judgment is DENIED with respect to Borge's claims under CERCLA and for continuing nuisance regarding APN 002-180-084 and GRANTED with respect to Borge's claims against both Butte County and Chico for continuing nuisance regarding APN 002-180-086, trespass, equitable indemnity, and existence of a dangerous condition on public property.

IT IS SO ORDERED.

Dated: April 21, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE